**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**VINCENT F. RIVERA,**

    **Plaintiff,**

**vs.**                                                    **Case No. 4:09cv480-MP/WCS**

**PRESIDENT BARAK OBAMA,
et al.,**

    **Defendants.**

                                      /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated in the custody of the Florida Department of Corrections, has submitted a *pro se* complaint, doc. 1, alleging that "PRIDE" (a prison rehabilitation industry) is contaminating state land and the water supply by dumping toxic chemicals in an effort to provide an "economic stimulus to the healthcare industry." Doc. 1. Plaintiff claims he is in imminent danger of serious physical injury due to "the potential for physical retaliation for filing this lawsuit . . . ." *Id.* Plaintiff did not submit the filing fee for this case, but instead filed a motion requesting leave to proceed *in forma pauperis*. Doc. 2.

Plaintiff has previously been denied *in forma pauperis* status because he has had three or more prisoner actions dismissed on the grounds that they were either frivolous, malicious, or failed to state a claim. *See, e.g.,* case 4:06cv159-RH/WCS, 4:00cv236-WS/WCS; and cases 4:97cv63, 4:97cv116, and 4:96cv126. Plaintiff is not entitled to *in forma pauperis* status in the federal courts. 28 U.S.C. § 1915(g).

Plaintiff is well aware that he is not entitled to proceed without full prepayment of the court's filing fee. *See* cases 4:01cv269-RH/WCS; 4:05cv34-WS/WCS; 4:06cv159-RH/WCS. Plaintiff has been denied *in forma pauperis* status on multiple occasions and specifically advised that he may not file a case without payment of the filing fee. *See* cases # 4:98cv88, 4:99cv340, case 4:05cv. Plaintiff has also been sanctioned for ignoring court orders which instructed Plaintiff that he may not proceed without full prepayment of the filing fee. Cases 4:00cv236, 4:00cv235. Plaintiff has still not paid his sanction and, thus, he is barred from filing any future lawsuits until he has paid his judicial debt in full. *See* case number 4:05cv34-WS/WCS.

Earlier this year, Plaintiff sought to initiate case 5:09cv74-RH/MD. The report and recommendation entered in April, 2009, reminded Plaintiff that he is barred by § 1915(g), that he has a judicial debt that must be paid prior to filing a new case, and recommending the case be closed. The report and recommendation was adopted and the case dismissed on May 21, 2009. Docs. 15, 16. Plaintiff is well aware of the sanction. His comment within this complaint suggesting, without any facts to support the assertion, that he *might* be in danger of physical harm for filing this case, is not sufficient to avoid the § 1915(g) bar. Plaintiff has failed to identify any person who has threatened him and Plaintiff is not seeking to challenge harm in this case, but to file a

case which he then claims *could* lead to harm. That is not sufficient. Plaintiff's allegations fail to demonstrate that Plaintiff is in imminent danger of serious physical injury and, thus, Plaintiff's allegations do not bring him within the imminent danger exception to § 1915(g). Accordingly, because Plaintiff has previously received more than three strikes under § 1915(g), this case must be dismissed without prejudice to Plaintiff refiling the case and *simultaneously* submitting the full filing fee. See Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice** because Plaintiff is barred by 28 U.S.C. § 1916(g) from initiating a civil rights case in federal court without full payment of the filing fee at the time he submits the complaint and because prior court orders direct that Plaintiff may not file a new case in this Court until he has paid his judicial debt in full as a sanction for violating court orders.

**IN CHAMBERS** at Tallahassee, Florida, on December 10, 2009.


    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**